## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Derivium Capital, LLC,<br><br>Debtor(s). | C/A No. 05-15042-JW<br><br>Adv. Pro. No. 07-80119-JW<br><br>Chapter 7 |
| Grayson Consulting, Inc.,<br><br>Plaintiff(s),<br><br>v.<br><br>Wachovia Securities, LLC<br>f/k/a First Union Securities, Inc., and First<br>Clearing, LLC<br>Defendant(s). | **ORDER** |

This matter comes before the Court on the Motion *in Limine* ("Motion") filed by Grayson Consulting, Inc. ("Plaintiff"). Plaintiff seeks an order from the Court barring Wachovia Securities, LLC and First Clearing, LLC (collectively, "Defendants") from presenting the testimony of John Pinto at the January 31, 2011 hearing. Defendants filed a cross motion for summary judgment, or in the alternative, a motion in *limine* and opposition to Plaintiff's Motion on January 18, 2011. This Order addresses Plaintiff's Motion and Defendants' opposition thereto. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1.      On August 31, 2007, Plaintiff commenced this adversary proceeding by filing the complaint against Defendants.

2.      On November 4, 2010, the Court issued an order requiring the parties to file a joint pretrial order by November 15, 2010 and setting a pretrial conference on November 23, 2010.

3.      After the pretrial conference, the Court issued an order on December 10, 2010 setting a hearing on January 31, 2011 in regards to the discrete issue of whether the commissions Wachovia received were customary and reasonable and required the parties to submit a joint pretrial order by January 14, 2011.[1]

4.      It appears the Defendants disclosed at the pretrial conference on November 23, 2010 and in an email to the Court, which was copied to the Plaintiff, on December 8, 2010 that the Defendants intended to offer expert testimony regarding the reasonableness of the commission.

5.      It appears Plaintiff sent Defendants a letter on December 16, 2010 to confirm Defendants' intent to offer the expert testimony of John Pinto on the commission issues.

6.      Defendants responded by letter dated December 29, 2010 and affirmed that they expected John Pinto to testify with respect to whether the commissions received by Wachovia were "reasonable and customary."  Defendants asserted that the expert testimony to be presented was within the scope of Mr. Pinto's expert report.

7.      John Pinto's expert report dated January 11, 2010 indicates that he was retained on behalf of Wachovia and asked to provide expert testimony concerning the following areas:

(1) whether the activities in the brokerage accounts of Derivium-Related Entities, including the sale of underlying shares of stock deposited as collateral for the loans entered into with their respective

---

[1] The parties estimated a full trial of all the remaining issues would take approximately 10 to 12 days.  Due to the Court's volume of cases and the setting of its calendar at least six months in advance, the Court has bifurcated the trial issues presented in this Adversary.

clients put Wachovia on notice of potentially suspicious activity, regulatory/compliance concerns, or indications of possible illegal or fraudulent conduct; and (2) whether Wachovia took appropriate compliance actions consistent with regulatory requirements and industry standards when questions or potential issues arose with regard to the Derivium-Related Entities' accounts.

8.      Plaintiff deposed Mr. Pinto on March 10, 2010.  The parties do not appear to dispute that Mr. Pinto did not discuss commissions received by Wachovia during his deposition.

9.      On January 10, 2011, Plaintiff filed a Motion *in Limine*, which asserts that Defendants should be precluded from offering the testimony of Mr. Pinto on the issue of whether the commissions were "reasonable and customary" because such testimony was not disclosed in his expert report or at his deposition.

10.      In response to the Motion, Defendants assert that the expert testimony should be allowed because Mr. Pinto's opinion was properly disclosed in his expert report and Plaintiff has failed to demonstrate that exclusion is warranted.

## CONCLUSIONS OF LAW

Fed. R. Civ. P. 26(a)(2)(B) requires the parties to disclose expert witnesses and provide a copy of the expert witness's written report.  The written report must contain (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the data or other information considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in

the case.  Fed. R. Civ. P. 26(a)(2)(B).  Plaintiff asserts that Mr. Pinto's testimony should be excluded pursuant to Fed. R. Civ. P. 37(c) (1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at the trial, unless the failure was substantially justified or is harmless."

After reviewing the pleadings, the Court finds that the expert testimony of John Pinto should be allowed on the limited issue of whether the commissions paid were in accordance with industry standards governing securities transactions.   Although Mr. Pinto did not comment on the reasonableness of the commissions during his deposition, Mr. Pinto's opinion was generally disclosed in his expert report.  According to the expert report, Mr. Pinto stated that "Wachovia acted in accordance with the rules, regulations, and expectations of FINRA and the SEC, as well as industry standards and best practices with regard to the operation, maintenance, and oversight of the transactions processed through the customer accounts that Derivium-Related Entities maintained with Wachovia."    It appears to the Court that whether the commissions received by Wachovia were reasonable or fall within the range of industry standards is within the scope of Mr. Pinto's overall opinion regarding whether Wachovia's actions were in accordance with regulations and industry standards. While Mr. Pinto's opinion regarding the commissions could have been more explicitly addressed in the expert report, Mr. Pinto, proffered as an expert and due diligence expert, may testify with regards to the commissions, as it is within the scope of his expert report. See, e.g., Golden Nugget, Inc. v. Chesapeake Bay Fishing Co., L.C., 93 Fed.Appx. 530, 536 (4th Cir. 2004) (affirming the admission of expert testimony in which the expert's theory

"could have been articulated more definitely" but "was generally disclosed in [his] [e]xpert [r]eport").

Plaintiff cited several cases in its Motion for the proposition that expert testimony that goes beyond the scope of an expert's report should be excluded.  However, the cases cited therein are distinguishable.  In <u>Licciardi v. TIG Ins. Group</u>, 140 F.3d 357 (1st Cir. 1985), the issue was whether there was a connection between the trauma from an accident and the plaintiff's later diagnosis of fibromyalgia.  In the expert's report, he stated the accident caused a strain and bruising to the plaintiff, but the later diagnosis of fibromalgia was not related to the accident.  At the trial, the expert changed his opinion and testified that the accident could not have caused the initial trauma.  The court found that the changed testimony was highly prejudicial to the plaintiff's case because counsel had prepared the plaintiff's case on the assumption that the question of causation regarding the initial trauma was not in dispute.  In <u>Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592,596 (4th Cir. 2003), the plaintiff alleged that paint purchased from defendant was defective because it rubbed off of metal racks manufactured by the plaintiff.  At the trial, the expert for the plaintiff disclosed for the first time a third opinion as to why the paint was defective.  The expert's first two opinions were based on the composition and physical properties of the paint and focused on the behavior of the paint when applied.  His third opinion was that certain components of the paint were incompatible.  Both <u>Licciardi</u> and <u>Southern States</u> dealt with experts changing their opinions at the trial.  The case at hand is distinguishable because the expert's opinion is not being disclosed for the first time at trial.

Moreover, even if the expert's report failed to fully set forth Mr. Pinto's opinion on the subject of the reasonableness of the commissions, there is no harm to Plaintiff.  The

Fourth Circuit has applied the following five factors for determining whether nondisclosure of evidence is substantially justified or harmless: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation of the party's failure to name the witness before the trial; and (5) the importance of the testimony. Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592,596 (4th Cir. 2003) (internal citations omitted).

In applying the first two factors to the case at hand, the Court finds that the Plaintiff has received sufficient notice to prevent any unjust surprise. Since the entry of the summary judgment order on September 14, 2010, Plaintiff has known an issue existed regarding whether the commissions in this case are customary and reasonable and has also had notice since the pretrial conference on November 23, 2010 that Defendants planned to call Mr. Pinto to testify regarding the reasonableness of those commissions. Therefore, Plaintiff has had ample opportunity to prepare for the issue and respond to such testimony. With respect to the third factor, there is no evidence before the Court that Mr. Pinto's testimony will disrupt the trial. The fourth factor does not apply in this case because Defendants named the witness well in advance of the trial. Finally, the availability of expert testimony will assist the Court in its determination of the reasonable and customary nature of the commissions at issue. Therefore, looking at the factors as a whole, the Court finds that Plaintiff is not prejudiced by allowing Mr. Pinto to testify.

Therefore, Plaintiff's Motion is denied and Defendants' expert, John Pinto, is permitted to testify on the issue of whether the commissions received by Wachovia were

reasonable and customary.  The remaining issues raised by the Defendants' pleading filed on

January 18, 2011 are to be addressed separately by the Court.

**FILED BY THE COURT**
**01/21/2011**



_John E Waites_

Chief US Bankruptcy Judge
District of South Carolina

Entered: 01/21/2011